# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THE GUARANTEE COMPANY OF**
**NORTH AMERICA USA,**

      **Plaintiff,**

-vs-                                         Case No. 6:11-cv-1400-Orl-31DAB

**MERCON CONSTRUCTION COMPANY,**
**MEHRDAD MORADI, RAANA**
**GHANADPOUR, and LYNSON E. ROZAR,**

      **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Counterclaim (Doc. 47) filed by the Plaintiff, The Guarantee Company of North America USA ("Guarantee"), and the response in opposition (Doc. 54) filed by Defendants Mercon Construction Company, Inc. ("Mercon"), Mehrdad Moradi ("Moradi"), and Raana Ghanadpour ("Ghanadpour").

Guarantee, as surety, issued performance bonds on behalf of Mercon, and the Defendants agreed to indemnify Guarantee if it was obligated to make payment on the bonds. Eventually, Guarantee made settlement payments to the obligee on the bond. In this diversity action, Guarantee seeks, among other things, to recover the amount of those payments from the indemnitors. By way of the instant motion, Guarantee seeks dismissal of two counterclaims filed by Defendants Mercon, Moradi, and Ghanadpour (henceforth, the "Counterclaimants") – one for common law bad faith, and one for breach of the indemnity agreement.

Guarantee contends that Florida law does not recognize a claim for bad faith against a surety (as opposed to an insurer). The Counterclaimants cite two cases that, they assert, demonstrate that such claims are "alive and well". (Doc. 54 at 3). However, in those cases – *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 571 F.3d 1143, 1146 (11th Cir. 2009) and *Liberty Mutual Insurance Company v. Aventura Engineering & Construction Corp.*, 534 F.Supp.2d 1290, 1316 (S.D.Fla. 2008) – the surety's alleged bad faith in settling a disputed claim was raised as an affirmative defense rather than a separate cause of action.[1] The bad faith counterclaim will be dismissed with prejudice.

In their second counterclaim, the Counterclaimants assert that Guarantee breached the indemnity agreement by settling Mercon's claim against a payment bond issued on behalf of the obligee on Guarantee's performance bonds. In particular, Mercon argues that Article 7 of the indemnity agreement only gives Guarantee the right to settle claims upon bonds executed by Guarantee, while the payment bond at issue was issued by Travelers Casualty and Surety Company of America. (Doc. 40 at 19). In the instant motion, Guarantee argues that Article 12, not Article 7, provided it with the right to settle whatever claim Mercon might have possessed in regard to the payment bond. Article 12 of the indemnity agreement – which was attached to the complaint – assigned certain collateral to Guarantee upon the occurrence of an event of default, and this collateral included all of Mercon's contract rights and causes of action. (Doc 1 at 5). In their response, the Counterclaimants do not dispute this interpretation of Article 5, instead reiterating their arguments about Article 7. The Counterclaimants do argue that the settlement of its payment

---

[1] In the instant case, the Counterclaimants have asserted two affirmative defenses based on alleged bad faith on the part of Guarantee.

bond claim was inconsistent with the expressed "purpose" of the assignment provision of the indemnity agreement.  As described in Article 12 itself, the purpose of the assignment provision was to enable Guarantee "to take immediate possession of and to use any COLLATERAL upon the happening of an EVENT OF DEFAULT to complete the performance obligations of the UNDERSIGNED under a BONDED CONTRACT and to make payment obligations incurred by the UNDERSIGNED in the performance a BONDED CONTRACT."  (Doc. 6 at 19) (emphasis in original).  Contrary to the Defendants' implicit argument, the indemnity agreement does not limit the use of the assigned collateral to only these purposes.  Even if it did, the Defendants have not made a persuasive argument as to how using the collateral to settle the claims arising from Mercon's alleged failure to perform is inconsistent with this purpose.

Finally, the Court notes that, even if Article 12 did not give Guarantee the right to settle Mercon's claim against the payment bond, doing so would not have constituted a breach of the indemnity agreement.  Rather, it would probably mean that Guarantee had breached the settlement agreement with the obligee by promising something Guarantee could not legally deliver.  But there is no provision of the indemnity agreement that would have been breached by Guarantee's attempt to dispose of claims it did not control.

For all these reasons, the second counterclaim will also be dismissed with prejudice.

In consideration of the foregoing, it is hereby

**ORDERED** that on the Motion to Dismiss Counterclaim (Doc. 47) filed by the Plaintiff, The Guarantee Company of North America USA, is **GRANTED**, and both counts of the Defendants' counterclaim are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 12, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party